## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NELSON BURRELL, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 18-CV-1041-EFM-GLR |
| RYAN LAWN & TREE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff commenced this action against his former employer. He alleges damages for violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA").[1] The matter comes before the Court on Plaintiff's Motion Requesting Waiver of Fees and Costs (ECF 3). Plaintiff requests an order under 38 U.S.C. § 4323(h)(1) to waive fees and costs, including the filing fee, which he would otherwise be required to pay. He states that he raises a cause of action under USERRA to assert wrongful termination of his employment because of his enlistment in the United States Navy.[2]

Congress enacted USERRA "to prohibit discrimination against persons because of their service in the uniformed services."[3] The statute is therefore liberally construed in favor of veterans who seek its protections.[4] The term "service in uniformed services" is defined to mean:

> performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty training, full-time National Guard duty, a period for which a person is absent from a position of employment for the

---

[1] 38 U.S.C. § 4301 *et seq.*

[2] *See* ECF 1 at 1.

[3] 38 U.S.C. § 4301(a)(3).

[4] *Ragland v. Univ. of Kan. Hosp.*, 08-2379-EFM, 2009 WL 270231, at *1 (D. Kan. Feb. 4, 2009) (citing *Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683–84 (7th Cir. 2008)).

purpose of an examination to determine the fitness of the person to perform any such duty.[5]

"Uniformed services" is defined under the statute to include:

> the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty, the commissioned corps of the Public Health Service, and any other category of persons designated by the President in time of war or national emergency.[6]

Pertinent to the current motion, section 4323(h)(1) of USERRA provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." The phrase "fees or court costs" has been interpreted to include normal litigation costs such as filing fees.[7]  In the seminal USERRA filing fee case, *Davis v. Advocate Health Center Patient Care Express*,[8] the Seventh Circuit construed 38 U.S.C. § 4323(h)(1) to exempt a plaintiff from the necessity of paying a filing fee.  In *Davis*, the Seventh Circuit rejected the district court's ruling that USERRA's bar against fees and costs did not encompass filing fees to initiate litigation.[9]  The Seventh Circuit based its ruling on the fact that USERRA was enacted in order to "prohibit discrimination against persons because of their service in the uniformed service," and as such the statute should be construed "liberally in favor of veterans seeking its protections."[10]  The *Davis* court further noted that initial filing fees are plainly the type of fees contemplated, for example, by 28 U.S.C. § 1920, and therefore, the "fees" or "court costs" referred to in § 4323(h) should encompass initial filing fees.[11]  Subsequent cases in the District

---

[5] 38 U.S.C. § 4303(13).

[6]  38 U.S.C. § 4303(16).

[7] *See Davis,* 523 F.3d at 685 (holding that 38 U.S.C. § 4323(h)(1) permits a USERRA litigant to initiate suit without prepaying the filing fee).

[8]  *Id.* at 684–85.

[9]  *Id.* at 683.

[10]  *Id.* at 683–84 (quotations and citations omitted).

[11]  *Id.* at 684.

of Kansas have likewise held that "fees or court costs" in 38 U.S.C. § 4323(h)(1) includes normal litigation costs such as the filing fee to institute a civil action.[12]

In this case, the Court finds that Plaintiff is a qualified member of the "uniformed services" as defined in USERRA. Plaintiff alleges in his Complaint that he enlisted in the United States Navy during his employment with Defendant. The Court also finds that Plaintiff has asserted a claim for violations under USERRA. He alleges that his enlistment in the United States Navy was a motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff asserts one claim for wrongful termination in violation of USERRA. The Court therefore finds that his motion should be granted to the extent that it seeks waiver of fees and costs not chargeable to him under § 4323(h)(1), including the filing fee required to institute a civil action under 28 U.S.C. § 1914(a).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion Requesting Waiver of Fees and Costs (ECF 3) is granted. The Court hereby waives the filing fee in this action under 38 U.S.C. § 4323(h)(1). Plaintiff may proceed with this case without prepayment of the $400 filing fee.

Dated February 21, 2018, at Kansas City, Kansas.

_S/ Gerald L. Rushfelt_
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[12] _Cabrera v. Perceptive Software, LLC_, No. 15-2615-JAR-GLR, 2015 WL 1427219, at *1 (D. Kan. Mar. 27, 2015); _Snyder v. Johnson_, No. 12-2723-JAR-DJW, 2012 WL 5866249, at *1 (D. Kan. Nov. 19, 2012); _Ragland_, 2009 WL 270231, at *1.